PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile:  510/832-4787

ROSS M. MELTZER, Esq. (SBN 122270)
LAW OFFICES OF ROSS M. MELTZER
24301 Southland Dr., #613
Hayward, CA 94545
Telephone: 510/784-1200
Facsimile:  510/783-8909

Attorneys for Plaintiff
JANICE PAYNE

**ORIGINAL FILED**

APR 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANICE PAYNE,

    Plaintiff,

v.

BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-10, Inclusive,

    Defendants.

CASE NO. C08-02098 WDB ADR
Civil Rights

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE II OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF REHAB. ACT OF 1973, SECTION 504; CALIFORNIA GOVERNMENT CODE § 11135; VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450, ET. SEQ.; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 52, 54 AND 54.1; AND RELATED CODES AND REGULATIONS

DEMAND FOR JURY TRIAL

    Plaintiff Janice Payne complains of defendants Bay Area Rapid Transit District, and Does 1-10, Inclusive, and alleges as follows:

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

## INTRODUCTION

1. This case involves the denial of facilities accessible to disabled persons at the Lake Merritt Station of the Bay Area Rapid Transit District resulting in personal injuries, denial of civil rights, and other damages to the disabled wheelchair-using plaintiff. (Defendants BART and Does 1-10 may also be collectively referred to as "BART" in portions of this Complaint.)

2. Plaintiff Janice Payne is a physically disabled person, who is mobility impaired from spine and knee injuries, severe carpal tunnel syndrome in both wrists, and plantar fascitis in both feet, and is a legally disabled person under all of California's disabled access statutes and regulations and under the statutes and regulations of the Americans with Disabilities Act of 1990. On or about May 29, 2007, and continuing to the date of filing of this Complaint, plaintiff Janice Payne has been denied full and equal access to public facilities owned and operated, controlled and/or maintained by defendants, due to the circumstances more fully described below. Defendants have denied plaintiff her rights to full and equal access under state law, including California Government Code §4450, *et seq.*, California Civil Code §§51, 52, 54 and 54.1 and California Code of Regulations, Title 24, by failing to provide disabled access to their public facilities, and to the "programs, services and activities" at the Lake Merritt BART station, including but not limited to: accessible and safe paths of travel to, through and within defendants' facilities, and by failing to provide persons with mobility impairments with the accessibility features required under state law that mandate public accommodations be made "accessible to and useable by" persons with disabilities.

3. Plaintiff seeks injunctive relief to require defendant BART to repair certain features in its facilities that not only deny "full and equal access" to disabled persons, but also pose to such disabled persons the substantial danger of severe personal injury. Plaintiff seeks recovery of damages for the injuries and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -2-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

discriminatory experiences that she suffered, including general, special and statutory damages, and seeks recovery of reasonable attorney fees, including litigation expenses and costs, according to statute.

**JURISDICTION**

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter sometimes "ADA"), 42 U.S.C. §§ 12101, *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §§ 4450, *et seq.*, and Government Code § 11135; Civil Code §§ 54, 54.1, 54.3 and 55; and California Code of Regulations, Title 24-2.

5. This Court has subject matter jurisdiction of this action pursuant to 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973. Additionally, this Court has jurisdiction over the public accommodations named in this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101, *et seq.*

**VENUE**

6. Venue is proper in the Northern District of California, the judicial district in which the claims have arisen, pursuant to 28 USC § 1391(b), and is properly assigned to the San Francisco/Oakland intradistrict.

**PARTIES**

7. Plaintiff Janice Payne is and at all times relevant to this Complaint was a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including but

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -3-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

not limited to § 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. These terms, a "physically disabled person" and a "person with disabilities," will be used interchangeably throughout this Complaint. Plaintiff Janice Payne is mobility impaired as a result of disabilities, including but not limited to spine and knee injuries, severe carpal tunnel syndrome in both wrists, and plantar fascitis in both feet, which disabilities affect major life activities including standing and walking, and she requires the use of mobility assistive devices, such as a cane and wheelchair.

8.   Defendant BART is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450, *et seq.*, and to all other legal requirements referred to in this Complaint.

9.   Plaintiff Janice Payne made a timely claim for damages to BART, served on September 17, 2007, a copy of which is attached as **Exhibit A**. Plaintiff's claim for damages was "rejected" on November 1, 2007 by the passage of 45 days.

**FACTUAL BASES FOR COMPLAINT**

10.   Defendants BART and Does 1-10, Inclusive, have denied plaintiff Janice Payne her rights to full and equal access under federal disability law, and under state law, by failing to provide disabled access to their public facilities. Plaintiff is a physically disabled person who requires a wheelchair for mobility. On or about May 29, 2007, Ms. Payne was waiting in her wheelchair at an elevator at the fare-gate level of the Lake Merritt BART station when the nearby door of the BART police department was suddenly opened by an unknown person. The door struck plaintiff, injuring her body, including but not limited to her hand. The location of the elevator call buttons within the radius of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

the opening of an adjacent door is a violation of the provisions of federal and state accessibility codes. The door had a "viewing window" in it, but it was placed so high that, on information and belief, any persons in wheelchairs waiting to use the adjacent elevator could not be seen through the door's "viewing window." As a result, plaintiff was injured by the opening door, suffering physical injuries, requiring medical treatment, medical expenses, and residual personal impairments and violation of her civil rights. Plaintiff has also been deterred from full and free use of these premises since that date, by the continuing danger caused by the improper configuration of the door adjacent to the elevator. Defendants denied plaintiff her rights to full and equal access to the public facility offered by defendants to the general public as required under federal and state law, including California Government Code §§4450, *et seq.*, Title II of the Americans With Disabilities Act of 1990, § 504 of the Rehabilitation Act of 1973, and Civil Code §§ 54 and 54.1, on or about May 29, 2007 and on every occasion when Ms. Payne has made, or attempted to make use of BART facilities, or has been deterred from attempting such use, and continuing until the present, unless otherwise specified herein.

11.     As a result of the BART's failure to carry out its legal obligations under federal and state civil rights laws, plaintiff was discriminated against on the basis of her disability and suffered physical, mental and emotional distress and injuries, and medical expenses, and other special damages, all to her damages. Damages are for violation of civil rights to a physically disabled person; denial of full and equal access to public facilities; and personal injuries, including physical, mental and emotional injuries; and statutory damages and statutory attorney fees, litigation expenses and costs. BART is also responsible for treble damages pursuant to Civil Code § 54.3 for violations of §§ 54 and 54.1, respectively, and for damages due to intentional discrimination under ADA Title II, in that the violations of the rights of a disabled person were done knowingly

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

and in conscious disregard for the rights of plaintiff and of other disabled persons, and in that BART failed to promptly remedy this situation and remove the danger to plaintiff and other disabled persons even after being given specific notice of plaintiff's injuries, thus continuing its knowing violation of the law and its maintenance of a dangerous condition for plaintiff and other disabled persons who might use this elevator.

### FIRST CAUSE OF ACTION:
### DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

12.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 11 of this Complaint and incorporates them herein.

13.  Effective January 26, 1992, plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

14.  Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

15.  The defendant governmental entity has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that the paths of travel, doorways, and public facilities and public accommodations, as described herein, are accessible to disabled persons,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

and failing to remove known architectural barriers at the subject facilities so as to be accessible to disabled persons, and/or to modify its programs, services and activities to make them accessible to disabled persons, including plaintiff. As a proximate result of defendants' actions and omissions, defendant has knowingly and intentionally discriminated against plaintiff, in violation of Title II of the Americans With Disabilities Act of 1990, and of the regulations adopted to implement the ADA.

16. As a result of such discrimination, in violation of §202 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in § 505 of the Rehabilitation Act of 1973 (29 USC § 794a). Plaintiff also seeks injunctive relief to require defendant to remove the barriers to access complained of, to provide accessible services, and to provide all remedies, including damages, statutory attorney fees, litigation expenses and costs, including those remedies specified by §§ 203 and 505 of the Americans With Disabilities Act of 1990, Civil Code §§ 54, 54.1, and 54.3, and by California Code of Civil Procedure § 1021.5, according to proof.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which have the effect of wrongfully discriminating against plaintiff and other members of the public who are physically disabled, including wheelchair users and other mobility disabled persons, from full and equal access to these public facilities. Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of plaintiff in that these actions treated plaintiff as an inferior and second class citizen and served to discriminate against her on the sole basis that she was and is a person with disabilities and requires the use of a wheelchair, cane, and/or other assistive mobility device for movement. Plaintiff continues to require use of the Lake Merritt BART Station, and may be unable to achieve equal access to services and facilities at BART so long as such acts and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

omissions of defendants continue. The acts of defendants have proximately caused irreparable injury to plaintiff and will continue to cause irreparable injury to other disabled persons if not enjoined by this Court.

18.   To the date of filing of this Complaint, the specified public facilities continue to be inaccessible for use by physically disabled persons such as plaintiff. Plaintiff requests that an injunction be ordered requiring that defendant BART take prompt action to modify the aforementioned public facilities to render them accessible to and usable by plaintiff, and thereby make its governmental services available to and usable by physically disabled persons.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

## SECOND CAUSE OF ACTION:
## VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

19.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 18 of this Complaint and incorporates them herein.

20.   Public entity defendant BART is a governmental entity existing under the laws of the State of California with responsibility for, *inter alia*, the described public facilities, including but not limited to walkways, paths of travel, doorways and elevators, which defendant knows are regularly used by physically disabled persons, including those who use wheelchairs. Plaintiff is informed and believes and therefore alleges that defendant BART is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

21.   By its actions or inactions in denying disabled accessible facilities at the public facilities specified herein, defendant BART has violated

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

22.     By its actions or inactions in denying to plaintiff Janice Payne, a disabled person, her rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against plaintiff solely by reason of her physical disability, defendant BART has violated plaintiff's rights under § 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder. Plaintiff seeks damages for denial of her civil rights, for interference with her right to accessible public accommodations and services, and for resulting physical, mental and emotional injury, all to her damages according to proof. Further, plaintiff seeks injunctive relief, requesting that the Court order defendant BART to correct the access deficiencies complained of herein so that she and other disabled persons will not face discrimination in the future in accessing the public accommodations in the subject public facility on the same basis as non-disabled persons, and seeks recovery of all relevant damages, statutory attorney fees, litigation expenses and costs.

23.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, plaintiff and other disabled persons will continue to suffer irreparable injury by the deprivation of meaningful access and accommodation at the subject public facilities operated by defendant.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### THIRD CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

24.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 23 of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -9-        S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

this Complaint and incorporates them herein.

25. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
> Cal. Civ. C. § 51(b).

California Civil Code § 52 provides that the discrimination by defendants against plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

26. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

27. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

28. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -10-        S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

101-336) shall also constitute a violation of this section."

29.   Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, plaintiff and other disabled persons will continue to suffer irreparable harm as a result of defendants' failure to fulfill its obligations to provide meaningful access to the subject public facilities.

30.   Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided for a violation of California Government Code §§ 4450, *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code § 51 *et seq.* Plaintiff alleges that defendant BART failed to provide legally required access at the Lake Merritt BART station and its related facilities, and further requests that the Court award damages pursuant to Civil Code § 52, and attorney fees, litigation expenses and costs pursuant to Government Code §§ 4450, *et seq.*, Civil Code § 52(a), Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

31.   **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants in owning, operating, leasing, constructing, altering and maintaining the subject facilities, plaintiff suffered multiple violations of her civil rights, including but not limited to rights under California Civil Code §§ 51 and 52, all to her damages per Civil Code § 52(a), as herein stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons.

32.   **FEES AND COSTS:** As a result of defendants' acts,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51, 52 and 55 and California Government Code §§ 4450, *et seq.* Additionally, plaintiff's lawsuit is intended to require that defendant BART make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: SECTIONS 54 and 54.1, GOVERNMENT CODE §§4450, ET SEQ., AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CALIFORNIA CIVIL CODE SECTIONS 54(c) AND 54.1(d)

33. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein.

34. At all times relevant to this Complaint, California Civil Code § 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> ... [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.... or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -12-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

Further, Civil Code § 54(a) has at all times stated:

> (a) Individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

The discrimination by defendants against plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of Civil Code §§ 54 and 54.1.

35.   Plaintiff is informed and believes and therefore alleges that the specified public facilities owned and maintained by BART are structures or related facilities within the meaning of California Government Code §§ 4450 and 4451. Plaintiff is further informed and believes and therefore alleges that the defendants have constructed, altered, or repaired parts of the subject public property, structure and facilities since 1968 within the meaning of Government Code §§ 4450, *et seq.*, including § 4456, thereby requiring provision of access to persons with disabilities, as required by law. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code §§ 4450, *et seq.* As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Government Code §§ 4450, *et seq.*, and of Title 24-2 regulations adopted to implement § 4450. A violation of §§4450, *et seq.* constitutes a violation of California Civil Code §§ 54 and 54.1.

36.   Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code §§ 54 (c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law. Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to §§ 201-204.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -13-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

37. Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, plaintiff and other disabled persons will continue to suffer irreparable harm as a result of defendants' failure to fulfill its obligations to provide meaningful access to the subject public facilities.

38. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendant BART to grant full and equal access to plaintiff in the respects complained of and to require defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided for a violation of California Government Code §§ 4450, *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code § 54, *et seq.* Civil Code § 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §§ 54 and 54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damage and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damage but in no case less than $1,000 and such attorney fees that may be determined by the Court in addition thereto. Plaintiff alleges that defendants failed to provide legally required access at the Lake Merritt BART Station and its related facilities and further requests that the Court award damages pursuant to Civil Code § 54.3 and attorney fees, litigation expenses and costs pursuant to Government Code §§ 4450, *et seq.*, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

39. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants in owning, operating, leasing, constructing, altering and maintaining the subject facilities, plaintiff suffered multiple violations of her civil rights, including but not limited to rights under California Civil Code §§ 54 and 54.1, all to her damages per Civil

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

Code §54.3, including all general, special, and statutory damages, as herein stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons.

40. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 54.3 and 55 and California Government Code §§ 4450, *et seq*. Additionally, plaintiff's lawsuit is intended to require that defendant BART make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### FIFTH CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135, DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE

41. Plaintiff repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 40 of this Complaint.

42. On information and belief, the administration, supervision and maintenance by defendants of the property, structure and facilities that are the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -15-        S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

subject of the action are funded in part by the State of California.

43. Defendant BART has failed to make its programs, services and activities readily accessible to and useable by disabled persons in violation of California Government Code §§ 11135, *et seq.* Government Code § 11135 states:

> § 11135. Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition.
>
> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

44. Plaintiff has no adequate remedy at law and, unless the requested relief is granted, plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to and accommodation within the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, plaintiff suffered damages, as specified, as the result of denial of her civil rights when she tried to use these facilities, according to proof. Because plaintiff seeks improvement of access for similarly situated physically disabled persons, which will benefit a significant portion of the public, plaintiff also seeks attorney fees, litigation expenses and costs pursuant to California Code of Civil Procedure § 1021.5, as to this cause of action and as to all causes of action in this complaint that seek injunctive relief.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -16-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendant BART to modify the subject public facilities and its policies and practices, so that they provide full and equal access to physically disabled persons;

2. Retain jurisdiction over defendant BART until such time as the Court is satisfied that defendant's unlawful policies, practices, acts and omissions complained of herein no longer exist, and will not recur;

3. Grant a jury trial and award to plaintiff all appropriate damages in an amount to be proved at trial, including compensatory, general, special, statutory, and treble damages;

4. Award to plaintiff all costs of this proceeding and award all statutory remedies including statutory attorney fees, litigation expenses and costs, as provided by law;

4. Award prejudgment interest pursuant to California Civil Code § 3291; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: April 22, 2008

LAW OFFICES OF PAUL L. REIN
LAW OFFICES OF ROSS M. MELTZER

By PAUL L. REIN
Attorneys for Plaintiff
JANICE PAYNE

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -17-   S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 22, 2008

LAW OFFICES OF PAUL L. REIN
LAW OFFICES OF ROSS M. MELTZER

*[signature]*

By PAUL L. REIN
Attorneys for Plaintiff
JANICE PAYNE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -18-      S:\SLR\BART-PAYNE\PLEADINGS\BART-PAYNE.CMP.wpd