MARK F. HAZELWOOD, # 136521
LAURA S. FLYNN, #148511
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE PAYNE<br><br>                Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-10, Inclusive,<br><br>                Defendants. | Case No. C08-02098 WDB<br><br>**DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S ANSWER TO PLAINTIFF JANICE PAYNE'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

    Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") answers the Complaint for Damages and Injunctive Relief as follows:

    1.    In answering paragraph 1, Defendant denies that the Lake Merritt Station of the Bay Area Rapid Transit District is inaccessible to disabled persons. Defendant denies that plaintiff was injured. Defendant denies that plaintiff was denied civil rights. Defendant denies that plaintiff has been damaged.

    2.    In answering paragraph 2, Defendant denies that plaintiff has been denied full and equal access to public facilities owned and operated, controlled and/or maintained by defendant. Defendant denies that it has denied plaintiff her rights to full and equal access under state law by failing to provide disabled access to its public facilities, and to the "programs, services and activities" at the Lake Merritt BART station. Defendant denies that it has failed to provide persons with mobility impairments with the

accessibility features required under state law that mandate public accommodations be made "accessible to and useable by" persons with disabilities. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2, and on that basis denies each and every allegation contained therein.

3. In answering paragraph 3, Defendant denies that plaintiff is entitled to injunctive relief. Defendant denies that it is required to repair certain features in its facilities. Defendant denies that its facilities deny full and equal access to disabled persons. Defendant denies that its facilities pose a substantial danger of severe personal injury to disabled persons. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies each and every allegation contained therein.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies each and every allegation contained therein.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies each and every allegation contained therein.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every allegation contained therein.

8. Defendant admits it is a public entity. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis denies each and every allegation contained therein.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each and every allegation contained

therein.

10. Defendant denies that it has denied plaintiff Janice Payne her rights to full and equal access under federal disability law by failing to provide disabled access to its public facilities. Defendant denies that it has denied plaintiff Janice Payne her rights to full and equal access under state law by failing to provide disabled access to its public facilities. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies each and every allegation contained therein.

11. Defendant denies all of the allegations contained in paragraph 11. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

**FIRST CAUSE OF ACTION**

12. Answering paragraph 12, defendant incorporates by reference its admissions and denials in paragraphs 1-12, inclusive, as though set forth herein.

13. Defendant admits the existence of Title II of the ADA. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13, and on that basis denies each and every allegation contained therein.

14. Defendant admits the existence of 42 USC section 12132, Section 202 of Title II. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies each and every allegation contained therein.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

17. Defendant denies that plaintiff is entitled to injunctive relief. Defendant denies that plaintiff has suffered and will continue to suffer irreparable harm. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17, and on that basis denies each and every allegation contained therein.

18. Defendant denies the allegations contained in paragraph 18.

## SECOND CAUSE OF ACTION

19. Answering paragraph 19, defendant incorporates by reference its admissions and denials in paragraphs 1-18, inclusive, as though set forth herein.

20. Defendant admits it is a governmental agency and that it has been the recipient of federal financial assistance. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis denies each and every allegation contained therein.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22. Defendant denies that plaintiff is entitled to injunctive relief. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

23. Defendant denies the allegations contained in paragraph 23.

## THIRD CAUSE OF ACTION

24. Answering paragraph 24, defendant incorporates by reference its admissions and denials in paragraphs 1-23, inclusive, as though set forth herein.

25. Defendant admits the existence of California Civil Code section 51. Defendant denies that it discriminated against plaintiff and denies that it has violated sections 51 and/or 52.

26. Defendant admits the existence of California Civil Code section 52. Defendant denies that it discriminated against plaintiff.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant admits the existence of California Civil Code section 51(f)

1    29.    Defendant denies the allegations contained in paragraph 29.

2    30.    Defendant denies the allegations contained in paragraph 30. Defendant denies that plaintiff is entitled to injunctive relief. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

    31.    Defendant denies the allegations contained in paragraph 31. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

    32.    Defendant denies the allegations contained in paragraph 32. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

## FOURTH CAUSE OF ACTION

    33.    Answering paragraph 33, defendant incorporates by reference its admissions and denials in paragraphs 1-32, inclusive, as though set forth herein.

    34.    In answering paragraph 34, Defendant admits the existence of California Civil Code section 54.1. Defendant denies that it discriminated against plaintiff and denies it has violated the provisions of Civil Code sections 54 and/or 54.1

    35.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis denies each and every allegation contained therein.

    36.    In answering paragraph 36, Defendant admits the existence of California Civil Code sections 54(c) and 54.1(d). Defendant denies that it denied plaintiff such full and equal access as required by California law.

    37.    Defendant denies the allegations contained in paragraph 37.

    38.    In answering paragraph 38, Defendant denies that plaintiff is entitled to injunctive relief. Defendant denies that it has failed to grant full and equal access to plaintiff. Defendant denies that it has

not complied with applicable statutory requirements. Defendant admits the existence of Civil Code section 54.3. Defendant denies that it failed to provide legally required access at the Lake Merritt BART Station and its related facilities. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

39. Defendant denies the allegations contained in paragraph 39. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

40. Defendant denies the allegations of paragraph 40. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

## FIFTH CAUSE OF ACTION

41. Answering paragraph 41, defendant incorporates by reference its admissions and denials in paragraphs 1- 40, inclusive, as though set forth herein.

42. Defendant admits that it receives funding in part by the State of California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 42, and on that basis denies each and every allegation contained therein.

43. Defendant admits the existence of Government Code section 11135. Defendant denies the remaining allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44. Defendant denies that plaintiff has been injured or damaged or discriminated against by reason of any act or omission of this defendant. Defendant denies that plaintiff is entitled to damages. Defendant denies that plaintiff is entitled to attorney fees, litigation expenses and costs.

## PRAYER FOR RELIEF

1. Defendant denies that plaintiff is entitled to injunctive relief.

2. Defendant denies that it has engaged in unlawful policies, practices, acts and omissions.

3. Defendant denies that plaintiff is entitled to damages.

4. Defendant denies that plaintiff is entitled to prejudgment interest.

5. Defendant denies that plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiff was a cause of the injuries and/or damages alleged by plaintiff, if any there were.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiff was herself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to her alleged injuries and/or damages. A verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiff's negligence contributed to the accident and injuries complained of, if any there were.

### THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the matters alleged in the complaint were caused by the sole negligence of plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff failed to mitigate her damages.

1  SIXTH AFFIRMATIVE DEFENSE

2  AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

3  Should plaintiff recover non-economic damages against any defendant, the liability for non-
4  economic damages is limited to the degree of fault and several liability of said defendant pursuant to
5  Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendant
6  based upon said defendant's degree of fault and several liability.

7  SEVENTH AFFIRMATIVE DEFENSE

8  AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
9  ALLEGES:

10  Defendant alleges that it had a good faith belief it had complied with all statutory and regulatory
11  requirements.

12  EIGHTH AFFIRMATIVE DEFENSE

13  AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
14  ALLEGES:

15  Defendant asserts that the Lake Marriott BART Station is not subject to the ADA, the
16  Rehabilitation Act of 1973, Civil Code sections 51, 52, 54, 54.1, or Government Code sections 4450
17  and 11135, as the facility was constructed prior to the effective date of the ADA.

18  NINTH AFFIRMATIVE DEFENSE

19  AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

20  Plaintiff must show pervasive and intentional misconduct before the court may enjoin defendant.

21  TENTH AFFIRMATIVE DEFENSE

22  AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
23  ALLEGES:

24  Defendant asserts that the Lake Marriott BART Station has not undergone construction,
25  alteration, or repair that would require it to comply with accessibility requirements.

26  ///
27  ///
28  ELEVENTH AFFIRMATIVE DEFENSE

1  AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
2  ALLEGES:
3  Any and all acts or omissions of defendant, its agents and employees, which allegedly caused the
4  injury at the time and place set forth were the result of an exercise of discretion vested in them.

### TWELFTH AFFIRMATIVE DEFENSE

6  AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
7  ALLEGES:
8  Defendant alleges that plaintiff failed to set forth facts sufficient to state a cause of action due to
9  a failure to comply with claims requirements of the California Government Code sections 900, et. seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

11  AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
12  ALLEGES:
13  Any and all mandatory duties imposed upon defendant, its agents and employees, the failure of
14  which allegedly created the condition complained of, were exercised with reasonable diligence and
15  therefore defendant is not liable pursuant to Government Code section 815.6.

### FOURTEENTH AFFIRMATIVE DEFENSE

17  AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
18  ALLEGES:
19  The plaintiff is barred from any recovery herein as to this answering defendant in that any
20  damages and injuries proven to have been sustained by the plaintiff herein would be the direct and
21  proximate result of the independent negligence and/or unlawful conduct of independent third parties, or
22  their agents, or employees and not any act or omission on the part of this answering defendant or its
23  agents or employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

25  AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
26  ALLEGES:
27  Defendant is immune from liability pursuant to the provisions of Sections 815, 815.2, 815.3, 818,
28  818.2, 818.6, 820.2, 820.6, 820.8, 820.9 and 821 of the Government Code of the State of California.

SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's causes of action are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 337.1, 338, 339, 340, 340.10 and 343.

SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is informed and believes that the complaint and each cause of action therein is barred by the doctrine of laches, unclean hands, waiver, res judicata and estoppel.

EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant asserts that plaintiff does not have a mental or physical impairment that substantially limits one of the major activities of life.

NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant asserts that it did not discriminate against plaintiff and that its facilities are readily accessible to and usable by individuals with disabilities.

TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The alterations requested by plaintiff are not readily achievable.

///

///

TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

1  ALLEGES:

2  Plaintiff is not entitled to injunctive relief as there is no real and immediate threat of future
3  discrimination or harm.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

5  AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE,
6  DEFENDANT ALLEGES:

7  Defendant asserts that plaintiff is not entitled to damages as there is no evidence of
8  discriminatory intent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10 AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
11 ALLEGES:

12 Defendant asserts that plaintiff is not being excluded from participation in, or being denied
13 benefits of some service, program, or activity by reason of a disability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

15 AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT DEFENSE,
16 DEFENDANT ALLEGES:

17 Defendant asserts that plaintiff has not identified, and did not notify defendant, of any
18 accessibility standard or regulation that was allegedly being violated.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

20 AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
21 ALLEGES:

22 Plaintiff is not entitled to punitive damages or other damages imposed primarily for the sake of
23 example and by way of punishment.

24 / / /
25 / / /
26 / / /

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

28 AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

1 ALLEGES:

2     Plaintiff cannot establish irreparable harm.

3 TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4     AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT DEFENSE,

5 DEFENDANT ALLEGES:

6     Defendant asserts it did not have actual or constructive notice of the alleged violation, defect

7 and/or alleged dangerous condition.

8 TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9     AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT DEFENSE,

10 DEFENDANT ALLEGES:

11     Defendant asserts that its actions were not arbitrary and were reasonably related to a valid

12 business objective.

13 TWENTY-NINTH AFFIRMATIVE DEFENSE

14     AS AND FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

15 ALLEGES:

16     Plaintiff cannot demonstrate inadequacy of damages.

17 THIRTIETH AFFIRMATIVE DEFENSE

18     AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

19 ALLEGES:

20     Defendant has insufficient knowledge or information upon which to form a belief as to whether it

21 may have additional, as yet unstated, affirmative defenses.  Defendant reserves the right to answer

22 additional affirmative defenses in the event discovery indicates it would be appropriate.

23 THIRTY FIRST AFFIRMATIVE DEFENSE

24     AS AND FOR A THIRTY FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT

25 ALLEGES:

26     The facts alleged do not constitute a denial of plaintiff's right to full and equal access.

27     WHEREFORE, defendant prays that plaintiff takes nothing by way of the complaint on file

28 herein and that defendant have judgment for its costs, attorneys' fees and for such other and further relief

DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S ANSWER TO PLAINTIFF JANICE PAYNE'S COMPLAINT FOR DAMAGES
J:\1752\sf0206\Pld\Answer.wpd

as the court deems proper.

Dated: May _____, 2008.

LOW, BALL & LYNCH

By _____
MARK F. HAZELWOOD
LAURA S. FLYNN
Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury for all claims for which a jury is permitted.

Dated: May 27, 2008.

LOW, BALL & LYNCH

By _____
MARK F. HAZELWOOD
LAURA S. FLYNN
Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT