PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
ANN M. WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Tel:(510) 832-5001
Fax: (510) 832-4787

ROSS M. MELTZER, Esq. (SBN 122270)
24301 Southland Dr., #613
Hayward, CA 94545
Tel:(510) 784-1200
Fax: (510) 783-8909 fax

Attorneys for Plaintiff
JANICE PAYNE

MARK F. HAZELWOOD, Esq. (SBN 136521)
LAURA S. FLYNN, Esq. (SBN 148511)
LOW, BALL & LYNCH
505 Montgomery St., 7th Floor
San Francisco, CA 94111-2584
Tel:(415) 981-6630
Fax:(415)982-1634

Attorney for Defendants:
Bay Area Rapid Transit District

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE PAYNE,<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-10, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C08-02098 WDB<br><u>Civil Rights</u><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 30, 2008<br>Time: 4:00 PM<br>Judge: Hon. Wayne D. Brazil<br>Place: U.S. District Court<br>       450 Golden Gate<br>       San Francisco, CA |

Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this Case Management Statement. Each party certifies that its lead trial counsel who will try this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB
— 1 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

1 case met and conferred for the preparation of this Statement as
2 required by Civ. L.R. 16-3.
3 **I.      Jurisdiction and Service:**
4      a.   **Basis of the Court's Subject Matter Jurisdiction**
5 This Court has jurisdiction of this action pursuant to 28
6 USC §1331 for violations of the Americans with Disabilities Act
7 of 1990, 42 USC 12101, *et seq*.  Pursuant to pendant jurisdiction,
8 attendant and related causes of action arising from the same
9 facts are also brought under California law, including but not
10 limited to violations of California Government Code §4450, *et*
11 *seq.;* Health & Safety Code §11135; Title 24 California Code of
12 Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and
13 55.
14      BART believes there is an issue as to whether the Court
15 should exercise supplemental jurisdiction over the Unruh state
16 law claim. Wilson v. PFS, LLC (2007) 493 F. Supp. 1122.
17      b.   **Whether any Issues Exist Regarding Personal**
18           **Jurisdiction or Venue:** None known at this time.
19      c.   **Whether any Parties Remain to be served:** None known
20           at this time.
21 **II.     DESCRIPTION OF THE CASE:**
22      1.   **A brief description of events underlying the action.**
23 The following are the positions of the parties:
24      a.   **Plaintiff's Position:**
25      Plaintiff Janice Payne is a physically disabled person who
26 requires a wheelchair for mobility.  On May 29, 2007, Ms. Payne
27 was waiting in her wheelchair at an elevator at the fare-gate
28 level of the Lake Merritt BART station when the nearby door of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB
— 2 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

the BART police department was suddenly opened by an unknown person.

The door struck plaintiff, causing her bodily injury, including but not limited to injury to her hand, which has caused her to suffer swelling and pain that affects her back, neck and shoulder area.  Plaintiff's physical injuries required medical treatment, medical expenses, and residual personal impairments and violation of her civil rights.  Plaintiff has also been deterred from full and free use of these premises since that date, by the continuing danger caused by the improper configuration of the door adjacent to the elevator.

The location of the elevator call buttons within the radius of the opening of an adjacent door is a violation of the provisions of federal and state accessibility codes, constituting a denial of plaintiff's right to "full and equal access" to the public facility offered by defendants to the general public, as required under federal and state law, including California Government Code §§4450, et seq., Title II of the Americans With Disabilities Act of 1990, § 504 of the Rehabilitation Act of 1973, and Civil Code §§ 54 and 54.1.

As a result of the BART's failure to carry out its legal obligations under federal and state civil rights laws, plaintiff was discriminated against on the basis of her disability and suffered physical, mental and emotional distress and physical injuries, causing her to sustain medical expenses and other special damages.  Damages are for violation of civil rights to a physically disabled person; denial of full and equal access to public facilities; and personal injuries,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Statement:**
**Case No. C08-02098 WDB**
— 3 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

1 including physical, mental and emotional injuries; and
2 statutory damages and statutory attorney fees, litigation
3 expenses and costs.
4
5     **b.**    **Defendants' Position:**
6     Plaintiff claims that on May 23, 2007 at
7 approximately 2:56 p.m., she was entering Elevator #29 of the
8 Lake Merritt BART station. She began to back up to let another
9 person off board the elevator.  As she was backing up, an
10 adjacent door that leads to a secured area was opened by an
11 unidentified person.  Plaintiff's right arm was allegedly
12 struck by the door.  Plaintiff refused aid or assistance at the
13 scene. No witnesses have been identified.
14     The subject elevator and adjacent door have been
15 present since the construction of the Lake Merritt BART station
16 in the mid 70's. There have been no alterations to that section
17 of the BART station since it was built.  There have been no
18 prior reported similar occurrences.
19     BART's Safety Department is designing a sign that
20 will warn people exiting the door to exercise caution and to
21 open the door slowly so as to avoid making contact with any
22 employees or patrons that may be on the other side of the door.
23 There will also be a sign posted near the elevator warning
24 people waiting for the elevator that the door may open and to
25 exercise caution.  The signs are scheduled to be posted prior
26 to the date of this conference.  BART is investigating various
27 factors associated with making changes to the door in question.
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB

— 4 —

s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

**2.  The principal factual issues that the parties dispute:**

    **a.  Plaintiff's Factual Issues:**

1) Did defendants carry out new construction or "alterations, structural repairs, and additions" at the subject premises after 1968, mandating full compliance with Gov. Code § 4455 and related California Building Codes including, ANSI, Title 24-2 regulations and federal ADAAG standards?

2)  Were the subject facilities, programs and activities cited in plaintiffs' Complaint and other relevant facilities serving the BART station inaccessible to plaintiff and other disabled wheelchair users on May 29, 2007, when plaintiff visited the premises?

3) Did defendants prepare an "ADA Transition Plan" for the removal of barriers and the modification of policies and practices to ensure that all of their programs, services and activities were accessible on a "full and equal" basis to disabled persons?

4) Did defendants remove architectural barriers identified and modify policies and programs to provide access as set forth in their "ADA Transition Plan?"

5)  Have defendants received federal funding subjecting them to additional liability under section 504 of the Rehabilitation Act?

6) What access improvements/modifications, if any, have defendants already made in response to plaintiffs' lawsuit?

7) What damages did plaintiff incur as the result of lack of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB
— 5 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

      access at the subject BART station, under state law standards (Civil Code §54.3), under Section 504 of the Rehabilitation Act of 1973, and pursuant to Title II of the ADA, from the date of plaintiff's visit on May 29, 2007, and every subsequent time plaintiff has been deterred from returning to the relevant facilities, or obtaining the programs, services, and activities offered by defendants due to the lack of accessible facilities?

8)  Are treble damages appropriate because of defendants' intentional violation of rights of disabled persons?

**b.  <u>Defendants' Factual Issues</u>:**

1)  Was plaintiff injured as a result of the incident?
2)  What are the extent of plaintiff's injuries?
3)  Did plaintiff receive any medical treatment?
4)  Did plaintiff incur any costs associated with any medical treatment she may have received?
5)  Was plaintiff denied equal benefits of BART's services by reason of her disability?
6)  Did BART have notice that an accommodation was required?
7)  Did BART act upon notice that an accommodation was required?
8)  Have any alterations, structural repairs, or additions been made to the area of the BART Station where the incident occurred?
9)  Did BART intentional discriminate against plaintiff (Munson v. Del Taco (2008) 522 F.3d 997)?

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB
— 6 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

1   10) What are the reasonable attorney's fees incurred by
2   plaintiff to date?

**III.   Legal Issues:**

   **a.   Plaintiff's Legal Issues:**

   1)   What access changes and reasonable modifications in policy are required under the Americans with Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines (ADAAG)?

   2)   What access changes and monetary damages are required for violations of Civil Code §§ 54, 54.1 and 54.3?

   3)   What damages are also required under California law for access violations under ADA standards, as incorporated by reference into California Civil Code §§ 54(c) and 54.1(d)?

   4)   What barrier removal and monetary damages are required for violations of Section 54.3 of the Civil Code, Section 504 of the Rehabilitation Act of 1973, and Title II of the ADA?

   5)   Are treble damages appropriate under Civil Code § 54.3?

   **b.   Defendants' Legal Issues:**

   1)   Did BART violate Title II of the ADA?

   2)   Is plaintiff entitled to injunctive relief?

   3)   Did BART show deliberate indifference which would justify an award of compensatory damages pursuant to the Rehabilitation Act?

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB

— 7 —

s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

1   4)   Were any alterations, structural repairs or additions
2   made to the subject area of the station?
3   5)   Has BART violated any regulations that would
4   constitute a violation of the ADA or any state law
5   statute?
6   6)   Has plaintiff established intentional discrimination
7   which would allow for the recovery of damages pursuant to
8   Civil Code section 51 and 52 (Unruh Act)?
9   7)   Should this court refuse to exercise supplemental
10  jurisdiction over the Unruh Act claim?
11  8) Does plaintiff elect to pursue the Unruh Civil Rights
12  Act claim or the Disabled Persons Act claim  (Coronado v.
13  Cobblestone Village Community Rentals (2008)163
14  Cal.App.4th 831)?

16  **IV.**     **Motions (prior, current, anticipated):**
17       a.   **Plaintiffs:** anticipate a motion for summary
18            judgment on liability if case does not settle at
19            early stage.
20       b.   **Defendants:** anticipate motion to dismiss and/or
21            motion *in limine* regarding plaintiff's election as
22            to Unruh Act Claim versus Disabled Persons Act
23            claim.

25  **V.**   **Amendment of Pleadings:** None anticipated at this time,
26       however the parties reserve the right to join, cross-
27       claim, and counterclaim against additional parties when
28       and if their capacities and relative responsibilities

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB
— 8 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

1     are ascertained.
2 **VI.**   **Evidence Preservation:** None anticipated at this time.
3 **VII.**   **Disclosures:** The parties will file initial disclosures
4     by August 30, 2008.
5 **VIII.**   **Discovery:** The parties have discussed scheduling a
6     cooperative site visit of the subject premises by
7     experts and attorneys. If the parties are unable to
8     cooperate to informally exchange information after this
9     site visit, the parties would then seek formal discovery
10     as limited by the Federal Rules of Civil Procedure and
11     Local Rules.
12 **IX.**   **Class Actions:** Not Applicable.
13 **X.**   **Related Cases:** None known at this time.
14 **XI.**   **Relief:** Plaintiff seeks injunctive relief, damages, and
15     statutory attorney fees. The amount for damages sought
16     is $80,000, the amount of damages we actually obtained
17     at trial in <u>Hankins v. El Torito Restaurants, Inc.</u>, et
18     al. (1998) 63 Cal.App.4th 510.  We will lower the damage
19     demand at such time as defendants enter a court-
20     enforceable consent decree to provide "full and equal"
21     access for disabled persons.
22 **XII.**   **Settlement and ADR:** The parties request assignment to a
23     magistrate judge for an early settlement conference.
24 **XIII.**   **Consent to Magistrate Judge for All Purposes:** The
25     parties have consented to proceed before a magistrate
26     judge for all purposes.
27 **XIV.**   **Other references:** None known at this time.
28 **XV.**   **Narrowing of Issues:** None known at this time.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Statement:**
**Case No. C08-02098 WDB**
— 9 —
s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc

**XVI.  Expedited Schedule:** The parties do not consent to handling of this case on an expedited schedule

**XVII.  Scheduling:**

Trial Date:  August 31, 2009

Pre-Trial Conference Date:  July 22, 2009

Dispositive Motion Hearing Date:  June 30, 2009

Expert Disclosure Date:  May 30, 2009

Expert Discovery Cut-Off Date:  April 30, 2009

Discovery Cut-Off Date:  March 31, 2009

**XVIII.  Trial:**  The parties request a trial by jury, and estimate that a trial would require 4-6 days court days.

**XIX.  Disclosure of Non-party Interested Entities or Persons**

Each party has filed the required disclosures of non-party Interested Entities or Persons.

**XX.  Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter:** An early site inspection and referral to a magistrate judge or settlement conference may expedite settlement.

Dated: July_23, 2008          PAUL L. REIN
                              JULIE OSTIL
                              ANN WINTERMAN
                              LAW OFFICES OF PAUL L. REIN

                              ROSS MELTZER, ESQ.


                              /s/ Julie Ostil___  _____
                              Attorneys for Plaintiff
                              JANICE PAYNE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Joint Case Management Statement:
Case No. C08-02098 WDB

```
 1  Dated: July_23, 2008         MARK HAZELWOOD
                                 LAURA S. FLYNN
 2                               LOW, BALL & LYNCH
 3
 4
                                 /s/ Laura Flynn_____
 5                               Attorneys for Defendant
                                 BAY AREA RAPID TRANSIT DISTRICT
 6
```

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Statement:**
**Case No. C08-02098 WDB**

– 11 –

s:\jo\cases\b\bart (payne)\pleadings\joint cmc statement.doc